1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ANTHONY BROOKS,

Plaintiff,

v.

GARCIA, *et al.,*

Defendants.

Case No. 3:20-cv-00281-MMD-WGC

ORDER

On May 15, 2020, this Court issued an order directing Plaintiff to file a fully complete application to proceed *in forma pauperis* or pay the full filing fee of $400 on or before July 14, 2020. (ECF No. 4 at 2.) The July 14, 2020 deadline has now expired, and Plaintiff has not filed an application to proceed *in forma pauperis*, paid the full $400 filing fee, or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure

1   to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)

2   (affirming dismissal for lack of prosecution and failure to comply with local rules).

3        In determining whether to dismiss an action for lack of prosecution, failure to obey

4   a court order, or failure to comply with local rules, the court must consider several factors:

5   (1) the public's interest in expeditious resolution of litigation; (2) the court's need to

6   manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

7   disposition of cases on their merits; and (5) the availability of less drastic alternatives.

8   *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at

9   130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

10        Here, the Court finds that the first two factors, the public's interest in expeditiously

11   resolving this litigation, and the Court's interest in managing the docket, weigh in favor of

12   dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of

13   dismissal, since a presumption of injury arises from the occurrence of unreasonable delay

14   in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air*

15   *West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring

16   disposition of cases on their merits—is greatly outweighed by the factors in favor of

17   dismissal discussed herein. Finally, a court's warning to a party that his failure to obey

18   the court's order will result in dismissal satisfies the "consideration of alternatives"

19   requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d

20   at 1424.

21        The Court's order requiring Plaintiff to file an application to proceed *in forma*

22   *pauperis* or pay the full filing fee on or before July 14, 2020 expressly stated: "IT IS

23   FURTHER ORDERED that, if Plaintiff does not file a fully complete application to proceed

24   *in forma pauperis* with all three documents or pay the full $400 filing fee for a civil action

25   on or before July 14, 2020, the Court will dismiss this action <u>without prejudice</u> for Plaintiff

26   to refile the case with the Court, under a new case number, when Plaintiff has all three

27   documents needed to file a complete application to proceed *in forma pauperis*." (ECF No.

28   4 at 3.) Thus, Plaintiff had adequate warning that dismissal would result from his

1  noncompliance with the Court's order to file an application to proceed *in forma pauperis*

2  or pay the full filing fee on or before July 14, 2020.

3      It is therefore ordered that this action is dismissed without prejudice based on

4  Plaintiff's failure to file an application to proceed *in forma pauperis* or pay the full $400

5  filing fee in compliance with this Court's order dated May 15, 2020.

6      The Clerk of Court is directed to enter judgment accordingly and close this case.

7  No additional documents may be filed in this closed case.

8      DATED THIS  21st day of July 2020.

9

10 _____
   MIRANDA M. DU
11 CHIEF UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28